# George W. Kiehl et al., Plffs. in Err., *v.* Commonwealth of Pennsylvania, to Use of Lizzie A. Kiehl.

Where suit is brought upon a bond to the commonwealth, conditioned for the payment of certain sums at different periods to another, judgment should be entered in favor of the commonwealth for the amount of the penalty. This is an essential prerequisite to liquidation in favor of the use plaintiff.

Where judgment is improperly entered, in the first instance, for the amount due the use plaintiff, it may be treated as a nullity or be stricken from the record; but, if the court mistakenly treats this liquidation as a judgment, and opens it, and subsequently enters judgment for the amount of the penalty, the proceedings, although irregular, will not be reversed.

Suit was brought on such a bond, and judgment entered for the amount due, which was paid and satisfaction entered. Subsequent sums accruing, a second suit was brought on the bond. The court refused to allow judgment to be entered, but, on application, struck off the satisfaction, opened the judgment, and ordered that judgment should be entered for the penalty, on discontinuance of the second suit and payment of its costs. Judgment affirmed.

(Decided October 4, 1886.)

Error to the Common Pleas of Lancaster County to review the action of the court in striking off the entry of satisfaction of

Cited in Com. *ex rel.* De Burt v. De Burt, 7 Pa. Super. Ct. 230, 233, 42 W. N. C. 213, holding that the defendant was not harmed by an irregularity in the form of the judgment, and in Com. v. Evans, 8 Pa. Co. Ct. 665, 667, holding that a judgment on a penal bond must be for the whole penal sum.

NOTE.—See also Com. v. Fields, 5 Del. Co. Rep. 294.

Though judgment for the full penalty should be entered, the arrearage in default should be liquidated from time to time. Com. v. Ruff, 3 Pa. Dist. R. 561. Execution for the full amount of the penalty, when the arrearages are

a judgment, opening the judgment, and entering a second judgment.          Affirmed.

The facts appear by the opinion of the court below.          LIVINGSTON, P. J.:

On November 22, 1884, George Wm. Kiehl was, in the court of quarter sessions of the peace of Lancaster county, convicted of having wilfully deserted his wife, Lizzie A. Kiehl, and was sentenced by the court to pay to said Lizzie A. Kiehl the sum of $4 per week for the maintenance of herself and child, and to give bond with sufficient sureties to the commonwealth in the sum of $300 for the faithful performance of said order; and on the same day George Wm. Kiehl and George A. Kiehl, in pursuance of said order, entered into a bond to the commonwealth of Pennsylvania in the sum of $300, for the performance of the said order of court by George Wm. Kiehl.   The sum of $4 per week first ordered to be paid, was on a subsequent hearing changed by the court to $2 per week, no new bond being asked for or entered.

George Wm. Kiehl having failed for some time to pay his wife, Lizzie A. Kiehl, the weekly sum directed to be paid, suit was brought upon the bond to May term, 1885, No. 19, and, in said suit, on June 20, 1885, judgment was asked by plaintiff's counsel, and entered, for want of an affidavit of defense, against the defendant, for the sum of $34.30, which was, on June 22, 1885, paid to plaintiff's counsel, who entered satisfaction and released the judgment on the record.

By reason of the continuing failure of George W. Kiehl to pay his wife the money he was directed by the court to pay her, another suit was brought upon the same bond to August term, 1885, No. 33, and upon this second suit judgment was asked to be entered for want of a sufficient affidavit of defense, which the court declined to enter, one judgment having already been entered in a suit upon the bond.   Plaintiff's counsel then presented a petition, asking the court to strike off the entry of satisfaction on the judgment to May term, 1885, No. 19, open the said judgment, and enter judgment for $300, being the penalty of

less, will be set aside.   Com. v. Seiders, 1 Pa. Dist. R. 264.   See also editorial note to Burnside v. Wand, 62 L. R. A. 427, containing a full presentation of the authorities as to form of judgment on penal bond.

said bond; the aforesaid judgment having been erroneously entered for less than the penalty of the bond.

In Troubat & H. Practice, § 461, it is said that, upon a bond of indemnity, there can be but one judgment against the same party, and that must be for the amount of the penalty, with an assessment of damages upon the breaches assigned.

The defendant, however, is accountable only to the extent of the penalty; and, as soon as that is recovered, or, if the defendant choose to pay it into court, the plaintiff can proceed no further, but, on the contrary, may be compelled to enter satisfaction on the record. Id. § 456; 1 Saund. 58a.

In Adams v. Bush, 5 Watts, 289, it was held that a bond in a certain penalty, conditioned for the performance of a certain act, at different periods, and with a warrant of attorney to confess a judgment or judgments, after filing one or more declarations, will not authorize the entry of more than one judgment; and no execution can issue until a scire facias shall have issued, and it shall have been ascertained that the act has not been performed, and what damage has resulted from its nonperformance.

In Arrison v. Com. 1 Watts, 374, where a bond given by executors, conditioned for the faithful discharge of their duties, in pursuance of an order of the orphans' court, was sued on by one legatee, in the name of the commonwealth, for his own use, and a judgment was obtained for the amount of the penalty, with the right to take out execution for the amount of his damages, and these damages were paid by the defendant, and the legatee entered satisfaction on the judgment, it was held that such satisfaction extended only to the interest of that legatee, and that a scire facias may be issued upon the judgment, to enable any other of the legatees to recover their legacy, and that a legatee whose legacy did not become due until after the date of the judgment may also maintain a scire facias upon it.

In Duffy v. Lytle, 5 Watts, 130, KENNEDY, J., says: "According to the course of the common law, no rule seems to be better established than that but one judgment can be had on the same bond, against the same party." Seeing, therefore, that but one judgment can be entered on the same bond against the same party, and that must be for the amount of the penalty, it is very evident that the plaintiff made a mistake and committed an error in asking and having judgment entered for an amount less than the penalty of the bond; and, as no innocent third party can

be affected by having the error corrected, as it of right ought to be, and as a correction will not require the obligors to pay more than by the terms of the bond they were bound to pay, we have decided to strike off the entry of satisfaction, on the docket of the judgment to May term, 1885, No. 19, and to open said judgment, with permission to plaintiff, when the costs in the suit to August term, 1885, No. 33, shall have been paid, and said suit discontinued on the record, to move the court for judgment for the amount of the penalty of the bond, from which, when obtained, shall be deducted the amount paid on the erroneous judgment when satisfaction was entered and a receipt for the amount so deducted placed on record.

The assignments of error specified the action of the court:

1. In striking off the entry of satisfaction on the docket of the judgment to May term, 1885, No. 19, and in opening of said judgment, with permission to defendant in error when the costs in the suit to August term, 1885, No. 33, shall have been paid, and said suit discontinued on the record, to move the court for judgment for the amount of the penalty of the bond.

2. In subsequently entering a second judgment on the suit of May term, 1885, No. 19, for the amount of the penalty of the bond, *viz.*, $300.

*B. Frank Eshleman* and *William T. Brown,* for plaintiffs in error.—The first judgment was regularly entered as a judgment, and afterwards satisfied on the record, long before any application was made to the court to strike off the satisfaction. The power of the court, therefore, over this judgment was exhausted. Ullery v. Clark, 18 Pa. 148.

After the end of a term in which the court has rendered judgment on a case stated on a general or special verdict, from which an appeal may be taken, by writ of error or otherwise, it cannot alter or change it, with a view to correct what the court on further reflection may consider error therein. Stephens v. Cowan, 6 Watts, 511; Smith v. Hood, 25 Pa. 218, 64 Am. Dec. 692.

A party who has received the fruits of a judgment cannot reverse it on a writ of error. Smith v. Jack, 2 Watts & S. 101.

*Benjamin F. Davis,* for defendant in error.—The old notion,

that the record remains in the breast of the court only till the end of the term, has yielded to necessity, convenience, and common sense. The power of the court to amend being established, the conclusiveness of the record as amended follows of course. Rhoads v. Com. 15 Pa. 276.

A court of record has power over its own records and proceedings, whether before or after judgment, or to the same or a subsequent term, it being a matter of discretion with the court. Pennsylvania & N. Y. R. & Canal Co. v. Bunnell, 81 Pa. 420.

In Crutcher v. Com. 6 Whart. 340, where a judgment by mistake was entered for $1,231.50, when it should have been for $4,669.50, the supreme court says: "Since the trial, and after writ of error, the district court has amended the record. We do not doubt their power to do so, as between the parties themselves."

There can be no doubt as to the right of the court to strike off entry of satisfaction. Murphy v. Flood, 2 Grant, Cas. 411; McKinney v. Fritz, 2 W. N. C. 173.

OPINION BY MR. JUSTICE STERRETT:

All that need be said in justification of the orders complained of in this case may be found in the opinion of the learned president of the common pleas.

The suit was necessarily in the name of the commonwealth, the payee named in the bonds, to the use of the deserted wife; and if she was entitled to anything under the conditions of the bond, the only judgment that could be legally entered was one in favor of the commonwealth, as legal plaintiff, for the precise penalty named in the bond, neither more nor less, with a liquidation of the amount then due the use plaintiff.

Judgment in favor of the commonwealth for the penalty was an essential prerequisite to a liquidation in favor of the use plaintiff. Without it the liquidation was premature, a mere nullity, and might have been treated as such; or it might have been stricken from the record as wholly unauthorized. The court, however, treated the liquidation as a judgment, and opened it for the purpose of enabling the plaintiff to move for judgment in favor of the commonwealth for the penalty of the bond. This was not strictly correct, but plaintiffs in error were not prejudiced thereby, and hence they have no reason to complain. The court, out of abundance of caution,

adopted that mode of expunging from the record an entry that never should have been made.

It is not pretended that there ever was any but one judgment in favor of the commonwealth; and the entry of that is the only subject of complaint in the second specification. The commonwealth was entitled to judgment for the penalty of the bond, to be followed by liquidation in favor of the deserted wife, and hence there is no merit in the second specification.

The only irregularity in the proceedings was the unauthorized entry of what purported to be a judgment in favor of the use plaintiff for the amount then due her. This was corrected and then the proper judgment was entered. Neither of the plaintiffs in error has been in any manner prejudiced thereby. They can safely pay all that is due or may become due to the use plaintiff under the sentence of the court of quarter sessions, without fear of being required to pay any part thereof a second time. The court below will take care that they are not harmed, either in person or estate.

Judgment affirmed.